IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| TRANSPORTATION COMPLIANCE SERVICES OF MISSISSIPPI, LLC, | § § § § | |
| Plaintiff, | § § | |
| v. | § § | Civil Action No. 3:18-CV-1826-N(BH) |
| SHARON FANCHER, | § § | |
| Defendant. | § § | Referred to U.S. Magistrate Judge |

## ORDER

By *Order of Reference*, filed August 15, 2018, this case has been referred for full case management. Before the Court is the plaintiff's *Motion to Dismiss*, filed May 2, 2019 (doc. 18).

Rule 41(a)(1)(A)(i) of the Federal Rules of Civil Procedure provides that a plaintiff may dismiss its action without a court order by filing a notice of dismissal before the opposing party serves either an answer or a motion for summary judgment. Here, the defendant has answered. (*See* doc. 8.) Accordingly, the plaintiff may only voluntarily dismiss its action without a court order by filing a stipulation of dismissal signed by all parties who have appeared. Fed. R. Civ. P. 41(a)(1)(A)(ii). If the defendant consents to voluntary dismissal under Fed. R. Civ. 41(a)(1)(A)(ii), she must file a written stipulation with the Court **no later than 5:00 p.m. on May 13, 2019**.

If the defendant does not consent to voluntary dismissal, the action may be dismissed at the plaintiff's request only by court order on terms it considers proper, as provided by Rule 41(a)(2). *See also In re FEMA Trailer Formaldahyde Products Liability*, 628 F.3d 157, 162 (5th Cir. 2010); *Hyde v. Hoffmann-La Roche, Inc.*, 511 F.3d 506, 509 (5th Cir. 2007); *Elbaor v. Tripath Imaging, Inc.*, 279 F.3d 314, 320 (5th Cir. 2002). The decision whether an action should be dismissed under Rule 41(a)(2) is within the sound discretion of the court. *Schwarz v. Folloder*, 767 F.2d 125, 129 (5th Cir.

1985) (citing *La-Tex Supply Co. v. Fruehauf Trailer Division*, 444 F.2d 1366, 1368 (5th Cir. 1971)). Notwithstanding this discretion, voluntary dismissals "should be freely granted unless the non-moving party will suffer some plain legal prejudice other than the mere prospect of a second lawsuit." *Elbaor*, 279 F.3d at 317 (citing *Manshack v. Southwestern Elec. Power Co.*, 915 F.2d 172, 174 (5th Cir. 1990)). The primary consideration is whether the non-movant would be prejudiced or unfairly affected. *Id.* at 317-18.

If the defendant does not consent to voluntary dismissal, then she may file a response *and brief containing citations to relevant authorities*[1] to the motion no later than **May 16, 2019**. The plaintiff may file a reply no later than **May 23, 2019**.

**SO ORDERED** on this 6th day of May, 2019.

　　　　　　　　　　　　　　　　　　　　　＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿
　　　　　　　　　　　　　　　　　　　　　IRMA CARRILLO RAMIREZ
　　　　　　　　　　　　　　　　　　　　　UNITED STATES MAGISTRATE JUDGE

---

[1] Local Rule 7.1 of the Local Civil Rules for the Northern District of Texas requires the filing of briefs in support of most motions. Pursuant to subsection (d), briefs shall contain a "party's contentions of fact and/or law, and arguments and *authorities*." (emphasis added). Briefs containing authorities greatly assist the Court in making rulings more expeditiously.